IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES THOMPSON, | ) | Case No. 5:20-cv-00343 |
| Plaintiff, | ) | MAGISTRATE JUDGE KATHLEEN B. BURKE |
| vs. | ) | |
| | ) | |
| SCHMID'S SERVICE NOW, INC., et al. | ) | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE** |
| Defendants. | ) | |

Plaintiff James Thompson ("**Plaintiff**"), and Defendants, Schmid's Service Now, Inc. and Lee Painter (collectively, "**Defendants**"), respectfully move this Court to approve the Fair Labor Standards Act ("**FLSA**") settlement reached by the parties and memorialized in the Joint Stipulation of Settlement and Release ("**Settlement**") attached hereto as **Exhibit A**. The Settlement was reached by experienced counsel during arms-length, good faith negotiations. Attached hereto as **Exhibit B** is a proposed Order of Dismissal and Approving Settlement. Attached hereto as **Exhibit C** is a Declaration of Plaintiff's Counsel Ryan A. Winters.

I. **FACTUAL AND PROCEDURAL BACKGROUND.**

A. **The Action and Settlement.**

Plaintiff filed this action against Defendants on February 14, 2020. Plaintiff alleged that Defendants failed to pay him one and one-half times his regular rate of pay for time worked in excess of 40 hours in a workweek. (Doc. No. 1.) Defendants filed their Answer to the Complaint and asserted various affirmative defenses. (Doc. No. 9.) Defendants thereafter filed an Amended Answer. (Doc. No. 18.)

The parties diligently worked towards reaching an early resolution of this case. To that end, Defendants produced payroll and time card data necessary for a calculation of alleged

1

damages for the Plaintiff.  Plaintiff's counsel shared their calculation of alleged damages with Defendants' counsel.  Defendants' counsel reviewed Plaintiff's calculation of alleged damages.  The parties have reached an agreement to settle this case for the gross sum of $34,000.00.

  **B**.  **The Settlement Terms.**

If approved by the Court, the gross settlement amount is $34,000.00, which sum will cover: (a) Plaintiff's alleged unpaid overtime wages and liquidated damages; and (b) Plaintiff's counsel's attorneys' fees and expenses.

From the total settlement amount, $19,000.00 will be paid to Plaintiff.  Plaintiff's payment is based on his alleged underpaid overtime during the three-year period of February 14, 2017, to February 14, 2020.  Plaintiff's payment includes an estimated 80% of his alleged underpaid overtime during that period resulting from Defendants' alleged failure to pay Plaintiff overtime compensation for all hours worked in excess of 40 hours in a workweek, plus liquidated damages.  In addition, Plaintiff's payment includes an estimated 80% of alleged underpaid overtime during that same period for liquidated damages.

From the total settlement amount, $15,000.00 will be paid to Plaintiff's counsel for attorneys' fees and expenses incurred in the action.

In exchange for these payments and other consideration provided for in the Settlement, the action will be dismissed, and the Plaintiff will release Defendants from all federal and state wage-and-hour claims, whether known or unknown, that were or could have been brought under the FLSA and O.R.C. §§4111 et seq., and/or other Federal, State, and local law whether the claims are bought or could have been brought in Court or through arbitration pursuant to a collective bargaining agreement, that were asserted in the action or that relate to, or arise from, Plaintiff's employment with Schmid's Service Now, Inc., and/or Defendants' alleged failure to

pay Plaintiff overtime compensation for all hours worked in excess of 40 in a workweek, including but not limited to claims for unpaid wages, unpaid overtime compensation, compensatory damages, liquidated damages, punitive damages, or any other item of damages, interest, attorneys' fees, and expenses and agree that any payments approved by the Court will be the full, final and complete payment of all attorneys' fees, costs and expenses associated with his representation in this action.

## II.    THE PROPRIETY OF APPROVAL.

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. As explained below, Court approval is warranted.

### A.    The Seven-Factor Standard is Satisfied.

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 216(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the

likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.,* 497 F.3d 615, 626 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)), *quoted in Crawford*, 2008 WL 4724499 at *3. As shown below, this standard supports approval of the settlement.

　　　　　　　　　　1.  **No Indicia of Fraud or Collusion Exists.**

The parties' counsel each have experience litigating FLSA claims. The settlement was achieved only after arms-length and good faith negotiations between the parties. As such, there is no indicia of fraud or collusion.

　　　　　　　　　　2.  **The Complexity, Expense and Likely Duration of Continued Litigation Favor Approval.**

The policy favoring the settlement of complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. The parties continue to disagree about whether this FLSA claim, if established, would be subject to the two-year statute of limitations for unpaid compensation or whether the three-year limitations period would apply for willful violations under 29 U.S.C. § 255(a). Moreover, the parties continue to disagree about whether Defendants could assert the retail or service establishment exemption set forth in 7(i) of the Fair Labor Standards Act and 29 CFR Part 779. In addition, they disagree about whether Defendants acted in good faith.

If forced to litigate this case further, the parties would engage in complex, costly, litigation. The settlement, on the other hand, provides substantial relief to Plaintiff promptly and efficiently.

　　　　　　　　　　3.  **Investigation Was Sufficient to Allow the Parties to Act Intelligently.**

4

The parties engaged in substantial investigation prior to negotiating the settlement. The parties reviewed relevant documents and researched the applicable law and potential defenses. The parties also engaged in an informal exchange of limited discovery. Both parties performed an intensive review of payroll information for the Plaintiff that was produced by Defendants.

### 4. The Risks of Litigation Favor Approval.

Counsel for both sides believe in the merits of their clients' positions, but nonetheless recognize that the litigation of claims is uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendants raised affirmative defenses to Plaintiff's claims, and the outcome of those defenses is uncertain as well. Continued litigation would be risky for all.

### 5. Uncertainty of Recovery Supports Approval.

Plaintiff's range of possible recovery is also open to dispute. Even if Plaintiff succeeded on the merits of his claims, the amount of recovery is uncertain and something upon which the parties continue to disagree.

### 6. Experienced Counsel's Views Favor Approval.

The parties' counsel are experienced in wage-and-hour actions, have acted in good faith, and have represented their clients' best interests in reaching the settlement. Counsel support the settlement as fair and reasonable, and in the best interest of the parties.

## B. The Settlement is Fair, Reasonable and Adequate.

### 1. The Settlement Payments Are Fair, Reasonable, and Adequate.

As a part of the scrutiny applied to an FLSA collective action settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford*, 2008 U.S. Dist. LEXIS 90070, at *31 (citing *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 855 (1999)). All components of the proposed settlement are proper and reasonable, and the settlement as a whole

is fair, reasonable and adequate for the Plaintiff. Of the total settlement amount, $19,000.00 will be paid to Plaintiff. Plaintiff's payment is based on his alleged underpaid overtime during the three-year period of February 14, 2017, to August 23, 2020. Plaintiff's payment includes an estimated 80% of his alleged underpaid overtime during that period resulting from Defendants' alleged failure to pay Plaintiff overtime compensation for all hours worked in excess of 40 hours in a workweek.

### 2. The Attorneys Fee Award Should be Approved.

The amount agreed upon for attorneys' fees satisfies the Sixth Circuit's standard for FLSA settlements. Based on all relevant factors, the proposed payment of attorneys' fees and cost reimbursements to Plaintiff's Counsel is proper and reasonable, and fulfills the purpose and intent of the FLSA's fees provisions.

Courts use the lodestar method to determine reasonable fees under the FLSA, 29 U.S.C. 216(b). These fee provisions "insure[s] effective access to the judicial process" and "encourage[s] the vindication of congressionally identified policies and rights." *Fegley v. Higgins,* 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied,* 513 U.S. 875 (1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 503 (6th Cir.1984)). This fee shifting provision allows workers whose rights have been violated to obtain the full amount of their damages without paying legal fees and costs. *See United Slate*, 732 F.2d at 503.

Plaintiff's Counsels' reasonable rates are in line with other attorneys within this district based on practice area, years of experience, expertise, office location, and history of successes in the wage and hour litigation context. For example, in *Carr v. Bob Evans Farms*, N.D.Ohio No. 1:17-CV-1875, 2018 U.S. Dist. LEXIS 228221, at *12 (July 27, 2018), a court within this district

approved rates for similarly experienced plaintiff's attorneys to those in this matter. In that case, the court found as reasonable an hourly rate of $450 for an attorney with years of practice (32 years) similar to Attorney Scott (35 years); the court further approved two other attorneys' requested hourly rates in the amounts of $395 who each had less practice and years of experience than both Winters and McDermott at the time of filing.

Attorney Joseph F. Scott's reasonable hourly rate is $450; my, Attorney Winters', reasonable hourly rate is $375; and Attorney McDermott's reasonable hourly rate is $325. Cross-checking Plaintiff's Counsels' reasonable rates with rates reported in *The Economics of Law Practice in Ohio in 2013* ("Economics of Law"),[1] Plaintiff's Counsels' rates fall between the median and 95th percentiles as provided in the closest available category for of "Trial Practice, not PI (General Civil)." *Economics of Law* at 40. Counsel's attorney rates also fall between the median and 95th percentiles under the category of Downtown Cleveland office location, and between the 75th and 95th percentiles when averaging/blending rates for the years in practice category. *Id.* at 39. However, as noted in *Hurt v. Commerce Energy, Inc*., N.D.Ohio No. 1:12-cv-758, 2018 U.S. Dist. LEXIS 168134, at *3 (Sep. 28, 2018), "the sought rates are on the high end of the spectrum. But the Economics of Law data is dated and attorney rates have increased since its publication. And, importantly, Plaintiffs requested fees are within the spectrum of reported rates." *Id.* (citing *see* Sandra Randazzo & Jacqueline Palank, Legal Fees Cross New Mark: $1,500 an Hour, The Wall Street Journal, (Feb. 9, 2016), https://www.wsj.com/articles/legal-fees-reach-new-pinnacle-1-500-an-hour-1454960708 (noting that "rates at large corporate law firms have risen by 3% to 4% a year since the economic downturn."). Previously, Plaintiff's counsel's firm's prior hourly rates were found as reasonable in *Premier Courier, Inc*., 2018 U.S.

---

[1] Available at https://www.ohiobar.org/globalassets/home/member-benefits/personal-finance/osba_econoflawpracticeohio.pdf (accessed April 1, 2020).

7

Dist. LEXIS 140019, at *16; *Jones v. Home Care Assistance of Cent. Ohio, LLC*, S.D.Ohio No. 2:18-cv-01342, 2019 U.S. Dist. LEXIS 213145, at *3 (Dec. 9, 2019); and *Swistok v. Phillips Holdings LLC*, No. 4:18-cv-01515 (N.D. Ohio Dec. 31, 2018). *See Ellis v. CA Restaurant Group, LLC*, No. 1:18-cv-01058 (N.D. Ohio May 16, 2019).

In addition, Plaintiff's Counsel took on this case pursuant to a contingency fee agreement. In doing so, Plaintiff's Counsel assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. *See, e.g., Premier Courier, Inc.,* 2018 U.S. Dist. LEXIS 140019, at *17 (Aug. 17, 2018); *In re Sulzer Hip Prosthesis and Knee Prosthesis Liability Litig.*, 268 F. Supp. 2d 907, 936 (N.D. Ohio 2003). Plaintiff's Counsel have not been compensated for any time or expense since the matter began. However, Plaintiff's Counsel are prepared to invest time and resources with the very real possibility of an unsuccessful outcome and no fee of any kind.

Plaintiff's Counsels' hours expended are reasonable. Plaintiff's Counsel use Microsoft Excel to record case-related activity and the amount of time spent performing the activity in six minute increments. Currently (as of November 11, 2020) Plaintiff's Counsel has a collective approximately 52.4 hours in this case, a fee lodestar of $17,767.50. The breakdown is as follows: Joseph F. Scott has approximately 1.5 hours at $450 per hour; Ryan A. Winters has approximately 11 hours at $375 per hour; and Kevin M. McDermott II has approximately 39.9 hours at $325 per hour. Plaintiff's Counsel expect to spend additional hours through the final conclusion of this matter including administrative activities related to the settlement, and continuing representation of Plaintiff through the conclusion of this matter.

At a current combined fee lodestar of $17,767.50, the requested attorney fee and costs award of $15,000.00 results in a "negative multiplier" if the Court approves the requested

settlement payment as to attorneys' fees. Such a negative multiplier supports that the fee sought is reasonable. *See, e.g, Rikos v. P&G*, S.D.Ohio No. 1:11-cv-226, 2018 U.S. Dist. LEXIS 72722, at *26 (Apr. 30, 2018) (citing *see Walls v. JP Morgan Chase Bank, N.A.*, Case No. 3:11-cv-673-DJH, 2016 U.S. Dist. LEXIS 142325, at * 18 (W.D. Ky. Oct. 13, 2016)). To date, Plaintiff's Counsel have also incurred reimbursable out-of-pocket expenses in this case in the amount of $416.00, consisting of the filing fee and service costs. Those expenses constitute costs that were reasonably necessary to prosecute the action. The attorney's fee payment of $15,000.00 includes these sunken costs.

The resulting settlement negotiated by Plaintiff's Counsel ensures substantial payments to the Plaintiff, and should be approved. In addition, Plaintiff's payment includes an estimated 80% of alleged underpaid overtime during that same period for liquidated damages.

The attorneys' fees requested by Plaintiff's counsel should not be altered because counsel efficiently resolved this case early on rather than prolonging the litigation and increasing their potential fees. Had this case not settled, Plaintiff's counsel would have vigorously litigated the case without any promise of success and compensation. At every step of the litigation, Defendants could have succeeded. Therefore, Plaintiff was at great risk for non-payment. This risk of non-payment supports the amount requested here and warrants approval.

### III. CONCLUSION.

The parties submit that this settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the parties request that this Court: (1) enter the proposed Order of Dismissal and Approving Settlement; (2) approve and award Plaintiff's

counsel's request for attorneys' fees, costs, and expenses; and (3) retain jurisdiction to enforce the settlement.

Respectfully submitted,

| | |
|---|---|
| *s/ Ryan A. Winters* | *s/ Kimberly L. Hall* |
| Joseph F. Scott (0029780) | Kimberly L. Hall (S. Ct. #0090677) |
| Ryan A. Winters (0086917) | Eric T. Michener (S. Ct. #0074559) |
| Kevin M. McDermott II (0090455) | CRITCHFIELD, CRITCHFIELD & |
| SCOTT & WINTERS LAW FIRM, LLC | JOHNSTON, LTD. |
| The Caxton Building | 225 North Market Street |
| 812 Huron Rd. E., Suite 490 | P.O. Box 599 |
| Cleveland, OH 44115 | Wooster, Ohio 44691 |
| P: (216) 912-2221   F: (216) 350-6313 | Phone: (330) 264-4444; Fax: (330) 263-9278 |
| jscott@ohiowagelawyers.com | E-mail: khall@ccj.com; michener@ccj.com |
| rwinters@ohiowagelawyers.com | |
| kmcdermott@ohiowagelawyers.com | *Attorneys for Defendants* |
| *Counsel for Plaintiff* | |

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that a copy of the foregoing was filed electronically on November 24, 2020. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ Kimberly L. Hall
Kimberly L. Hall (0090677)